UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jackson National Life Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Workman Securities Corporation,<br><br>Defendant. | Civil No. 09-1024 (JRT/FLN)<br><br>**REPORT AND RECOMMENDATION** |

_____

Shane H. Anderson for Plaintiff.
Christopher P. Parrington for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on August 30, 2011 on Plaintiff's Motion for Voluntary Dismissal and Entry of Judgment with Prejudgment Interest and Expenses and Attorney's Fees (ECF No. 145). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends the motion be **GRANTED**.

### I.   BACKGROUND

Plaintiff Jackson National Life Insurance Company ("Plaintiff") alleged the following claims against Defendant Workman Securities Corporation ("Defendant"): Count I: Breach of Contract- Refusal to Indemnify; Count II: Breach of Contract- Failure to Supervise; Count III: Breach of Contract- Failure to Cooperate;  Count IV: Negligence; and Count V: Fraud. (*See* ECF No.80, Second Am. Compl.)  On April 29, 2011, District Court Judge John R. Tunheim granted summary judgment to Plaintiff on the refusal to indemnify and failure to supervise claims.  (ECF No. 142.)

Judge Tunheim found Defendant to be liable to Plaintiff for $362,508.28. *Id.* Judge Tunheim found questions of material fact to remain as to Counts III, IV and V of the complaint and denied summary judgment to both parties on those claims.

Plaintiff now moves the Court for voluntary dismissal without prejudice of claims III, IV and V. Plaintiff also asks the Court to enter judgment in its favor in the amount of $362,508.28 plus prejudgment interest. Finally, Plaintiff moves for an award of attorney's fees and expenses.

## II.   LEGAL ANALYSIS

### A.   Counts III, IV and V should be dismissed without prejudice.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). Plaintiff has been granted summary judgment on Counts I and II of its Complaint. Plaintiff asserts that it cannot recover additional damages if its additional claims go to trial, and therefore requests that the Court dismiss Counts III, IV and V. Defendant does not oppose Plaintiff's motion to dismiss. (ECF No. 157.) Counts III, IV and V should be dismissed without prejudice.

### B.   Judgment should be entered on behalf of Plaintiff.

With the dismissal of all of Plaintiff's claims remaining for trial, the Court finds it appropriate to enter judgment on behalf of Plaintiff on Counts I an II in the amount of $362,508.28 plus prejudgment interest. Prejudgment interest in Minnesota is governed by Minnesota Statute Section 549.09, which provides that prejudgment interest shall be computed "from the time of the commencement of the action . . . or the time of a written notice of claim, whichever occurs first . .

. ."[1]  Minn. Stat. § 549.09, subd. 1(b).  The statute also provides, "For a judgment or award over $50,000, the interest rate shall be ten percent per year until paid."  Minn. Stat. § 549.09, subd. 1(c)(2).  Plaintiff made a written demand to Defendant for reimbursement pursuant to the indemnification clause of the Selling Agreement on January 29, 2009.  (ECF No. 99, Anderson Aff. In Support of Motion for Summary Judment, Ex. PP.)  The January 29, 2009 demand letter constituted a written notice of claim for purpose of the prejudgment interest statute, and prejudgment interest should be awarded from that date.  Prejudgment interest at the rate of 10 percent per year on the judgment of $362,508.28 equals $93,656.76 for the period of January 29, 2009 to August 30, 2011, the date of the hearing on this motion.  Interest then accrues at the rate of $99.317 per day until the date judgment is entered.  Defendant did not oppose Plaintiff's request for prejudgment interest or the amount of prejudgment interest in its letter memorandum in response to the motion or at the hearing.  (ECF No. 157.)  Judgment should be entered in favor of Plaintiff in the amount of $362,508.28, plus prejudgment interest in the amount of $93,656.76 plus $99.317 per day from August 31, 2011 until the date judgment is entered.

      **C.**      **Plaintiff should be awarded attorney's fees.**

Plaintiff also asks the Court for an award of attorney's fees.  In his Summary Judgment Order, Judge Tunheim found that Defendant had a duty to indemnify Plaintiff under the indemnification clause of the Selling Agreement between Plaintiff and Defendant.  (ECF No. 142 at 8-9.)  The indemnification clause of the Selling Agreement explicitly provides for an award of attorney's fees.  (ECF No. 80, Second Amended Complaint, Ex. A, Sec. VI) ("Broker/Dealer and/or

---

[1] The parties have stipulated to the application of Minnesota law.  (ECF No. 142, Order at 5, n. 2.)

Agency agree to defend, hold harmless, and indemnify Distributor, Insurer . . . from and against all claims, actions or causes of actions . . . and expenses (including, without limitation . . . reasonable attorney's fees and expenses) . . . .").

Defendant argues that it would be premature to award attorney's fees at this point in litigation. Defendant bases this argument on Local Rule 54.3(b), which requires that "within 30 days of entry of judgment in the case," a party seeking an award of fees shall file "an itemized motion for the award of attorney fees" or "within 15 days of the entry of judgment in the case" serve a "Notice of Intent to Claim an Award of Attorney's Fees." D. Minn. LR 54.3(b). The Court finds that to wait until after the entry of judgment to address the issue of attorney fees would be to elevate form over substance with regard to Rule 54.3(b). It is clear that Plaintiff is entitled to attorney's fees based on the indemnification clause of the Selling Agreement. Defendant states in its letter memorandum that in the event the Court decides to award attorney's fees, Defendant "does not take an issue with the amount of fees set forth in [Plaintiff's] motion." (ECF No. 157.) The Court finds the amount of fees requested by Plaintiff to be reasonable, and recommends that Plaintiff be awarded attorney's fees in the amount of $149,317.50 and expenses of $12,303.93.

### III.   RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Voluntary Dismissal and Entry of Judgment with Prejudgment Interest and Expenses and Attorney's Fees (ECF No. 145) be **GRANTED** as follows:

1. Counts III, IV and V be **DISMISSED without prejudice**;

2. Judgment be entered on behalf of Plaintiff in the amount of $362,508.28 plus

        prejudgment interest in the amount of $93,656.76 as of August 30, 2011, with interest continuing to accrue at the rate of $99.317 per day until the date of judgment; and

3.      Plaintiff be awarded attorney's fees of $149,317.50 and expenses of $12,303.93, for a total of $161,621.43.

DATED: October 7, 2011                      *s/ Franklin L. Noel*
                                                  FRANKLIN L. NOEL
                                                  United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 24, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 24, 2011,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.